IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PETER RILEY, *As Temporary Guardian of the Estate Pending Contest of John A. Riley,* | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-401-RP |
| DONNA MCNALLY, *Individually and as Trustee of the John Riley Trust,* | § § § | |
| Defendant. | § § | |

## ORDER

Defendant Donna McNally, individually and as trustee of the John Riley Trust, ("Donna")
removed this action on April 16, 2024 from Probate Court Number One of Travis County, Texas.
(Not. Removal, Dkt. 1, at 1). On May 14, 2024, Plaintiff Peter Riley, as temporary guardian of the
estate pending contest of John A. Riley, ("Peter") filed a motion to remand. (Dkt. 7). Donna filed a
response, (Dkt. 11), and Peter filed a reply, (Dkt. 13). Donna also filed a sur-reply, (Dkt. 16);
however, as Donna failed to ask for leave of Court to do so, the Court will strike Donna's sur-reply.
W.D. Tex. Loc. R. CV-7(e)(1). Having considered the briefing, the applicable law, and the record,
the Court will grant Peter's motion to remand.

### I. BACKGROUND

This case is related to a proceeding pending before Probate Court Number One of Travis
County, C-1-PB-24-000127, concerning the guardianship of an adult, John Riley ("John"). (Mot.
Remand, Dkt. 7, at 3). John is a resident of Texas who suffered a stroke in July 2023 while
vacationing in New York. (*Id.* at 2). John was hospitalized in New York, and as far as the Court is
aware, has remained in New York to this day. (*Id.*). Days after suffering a second stroke as well as
other medical complications, John executed a Power of Attorney New York Statutory Short Form

1

(the "POA"), which was prepared by the law firm Connors & Sullivan. (*Id.*). The POA designated John's sister, Defendant Donna, as John's agent and gave her power over John's estate. (*Id.*). It also designated Donna's son, Tyler Emory, as the alternate agent. (*Id.*). Connors & Sullivan, which now claims to represent both John and Donna in her capacity as John's agent, also drafted additional estate planning documents concerning John's estate, including: an irrevocable trust of which Donna is the trustee (the "John Riley Trust"); quitclaim deeds transferring John's real estate into the John Riley Trust; and a will that gifts Donna a house. (*Id.* at 2–3).

On January 19, 2024, Plaintiff Peter, a Texas citizen and the brother of John, filed an emergency application for immediate appointment of temporary guardianship over John and his estate and for permanent guardianship in Probate Court Number One of Travis County. (*Id.* at 3). A few days later, John was discharged from a rehabilitation hospital and moved in with Donna, a New York citizen who lives in Greenwich Village, New York City. (*Id.*). In the ongoing guardianship proceeding, the probate court has appointed John an attorney ad litem and a guardian ad litem. (*Id.* at 3, 5; Dkt. 7-1; Dkt. 7-8). The probate court also appointed Peter as the temporary guardian of John's estate pending contest and Nurses Case Management d/b/a CareFor ("CareFor") as the temporary guardian of John's person pending contest. (Mot. Remand, Dkt. 7, at 4; Dkt. 7-3; Dkt. 7-4). As part of the probate court's order appointing Peter and CareFor as temporary guardians, the probate court also ordered that "any and all powers of attorney . . . executed by [John] are suspended during for [sic] the duration of a temporary guardianship of the estate." (Dkt. 7-4, at 3). Donna moved to set aside the temporary appointments of Peter and CareFor, (Dkt. 7-9); however, the probate court denied her motion. (Dkt. 7-10). John's guardian ad litem has now filed an application for the appointment of a permanent guardian of John's estate and person. (Dkt. 7-11).

In the midst of this guardianship proceeding, Peter, in his capacity as temporary guardian of John's estate, filed this lawsuit, also in Probate Court Number One of Travis County, against Donna

in her individual capacity and as the trustee of the John Riley Trust. (Mot. Remand, Dkt. 7, at 5). Peter (1) brings claims for breach of fiduciary duty and undue influence and a claim for damages under the Texas Theft Liability Act; (2) seeks a constructive trust over any property wrongfully taken by Donna and a full accounting of Donna's actions; and (3) requests several declaratory judgments. (Pet., Dkt. 1-4). Peter also requests a temporary restraining order against Donna. (*Id.*). On April 16, 2024, Donna removed this lawsuit to federal court based on diversity jurisdiction. (Not. Removal, Dkt. 1).

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds $75,000. *Id.* § 1332(a)(1). This requires "complete diversity" of citizenship: "A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). The removal statute is "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). A federal district court must remand a case to state court if it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

## III. DISCUSSION

Peter makes three arguments in his motion for remand: (1) there is not complete diversity of the parties because John, a Texas resident, is a real party in interest; (2) Donna's status as John's agent under the POA requires the Court to consider John's residence for diversity purposes; and (3)

there is an exception to diversity jurisdiction where a case is inextricably intertwined with guardianship issues. (Mot. Remand, Dkt. 7, at 6–7). In response, Donna argues that (1) John is not a party to this action; (2) Peter failed to join Donna in her capacity as John's agent to this lawsuit; and (3) this case does not fall under any exception to diversity jurisdiction. (Resp., Dkt. 11).

The Court finds that there is an exception to diversity jurisdiction in this case. A federal court "has no jurisdiction to probate a will or administer an estate." *Curtis v. Brunsting*, 704 F.3d 406, 408 (5th Cir. 2013) (citing *Markham v. Allen*, 326 U.S. 490, 494 (1946)). However, this exception, known as the probate exception, "does not bar a federal court from exercising jurisdiction over all claims related to such a proceeding[.]" *Id.* Rather, "the probate exception only bars a federal district court from (1) probating or annulling a will or (2) seeking to reach a *res* in custody of a state court by endeavoring to dispose of such property." *Id.* (internal citations omitted). In order to determine whether the probate exception deprives a federal court of jurisdiction, the Fifth Circuit applies a two-part inquiry into (1) whether property in dispute is estate property within the custody of the probate court and (2) whether the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property. *Id.* "If the answer to both inquiries is yes, then the probate exception precludes the federal district court from exercising diversity jurisdiction." *Id.*

To the Court's knowledge, the Fifth Circuit has never addressed whether this two-part inquiry can be used to determine whether there is an exception to diversity jurisdiction when a case is ancillary to ongoing guardianship proceedings, rather than probate proceedings, in the probate court. However, given that Texas law considers the administration of the estates of decedents to be similar to guardianship proceedings, *see* Tex. Est. Code § 1001.002, the Court will apply the probate exception's two-part inquiry to the facts of this case.

First, the Court finds that the property in dispute—the estate of John Riley—is estate property within the custody of the probate court. *See* Tex. Est. Code § 1022.002(d) ("From the filing

of the application for the appointment of a guardian of the estate or person, or both, until the guardianship is settled and closed under this chapter, the administration of the estate of a minor or other incapacitated person is one proceeding for purposes of jurisdiction and is a proceeding *in rem*.") When Peter filed the inventory of John Riley's estate in the guardianship proceedings, it included "claims against Donna McNally, individually and as trustee of the John Riley Trust for the wrongful transfer of Mr. Riley's three (3) real properties . . . and possibly other assets to herself or to the John Riley Trust." (Dkt. 7-5). The probate court approved the inventory on March 25, 2024. (Dkt. 7-6). "The federal court cannot exercise *in rem* jurisdiction over a *res* in the custody of another court." *Curtis*, 704 F.3d at 409. It is clear that the probate court currently has custody of John Riley's person and John Riley's estate as it is deciding whether or not to appoint a permanent guardian to oversee both John Riley and his estate. And because the John Riley Trust and the recent transfers of property into the John Riley Trust may be invalid, the Court finds that the probate court also has custody of the John Riley Trust.

Second, the Court would have to assume *in rem* jurisdiction over the property of the probate court if it were to take up Peter's claims in this lawsuit. The ongoing guardianship proceedings are inextricably intertwined with Peter's claims and requests for declaratory judgments. Any finding in this lawsuit by this Court foreseeably could come into direct opposition with a finding of the probate court in the guardianship proceedings. Further, the probate court is in the best position to resolve this ancillary matter, which Texas law recognizes explicitly: "A probate court may exercise pendent and ancillary jurisdiction as necessary to promote judicial efficiency and economy." Tex. Est. Code § 1022.001(b).

Because the Court finds that the probate exception applies and it lacks jurisdiction regardless of diversity, the Court does not reach the issues of whether John is a party to this suit or whether Donna is sued in her capacity as John's agent.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's motion to remand, (Dkt. 7), is **GRANTED.** This case is **REMANDED** to Probate Court Number One of Travis County, Texas.

**IT IS FURTHER ORDERED** that Defendant's motions to dismiss or transfer, (Dkts. 10, 12), are **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a hearing, (Dkt. 14), is **MOOT.**

**IT IS FURTHER ORDERED** that Defendant's sur-reply, (Dkt. 16), is **STRICKEN**.

The Clerk of the Court is directed to **CLOSE** this action.


**SIGNED** on June 25, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE